Pearlie RUCKER; Herman Walker; Willie Lee; Barbara Hill, Plaintiffs–Appellees,

v.

Harold DAVIS; Oakland Housing Authority, Defendants,

and

United States Department of Housing and Urban Development, Defendant–Appellant.

Pearlie Rucker; Herman Walker; Willie Lee; Barbara Hill, Plaintiffs–Appellees,

v.

Harold Davis; Oakland Housing Authority, Defendants– Appellants,

and

United States Department of Housing and Urban Development, Defendant.

Nos. 98–16322, 98–16542.

United States Court of Appeals, Ninth Circuit.

Filed Sept. 17, 2002.

Anne Tamiko Omura, Donna Teshima, Oakland, CA, Paul A. Renne, Whitty Somvichian, Cooley Godward LLP, San Francisco, CA, Ira Jacobowitz, William M.

Simpich, Matthew Siegel, John Murcko, Oakland, CA, for Plaintiff–Appellee.

Susan T. Kumagai, Lafayette & Kumagai LLP, Gary T. Lafayette, Lafayette, Kamagai & Clarke, San Francisco, CA, for Defendant.

Howard S. Scher, Washington, DC, Michael J. Yamaguchi, AUSA, Mary Beth Uitti, AUSA, USSF–Office of the U.S. Attorney, San Francisco, CA, Michael Sitcov, Frank W. Hunger, Barbara C. Biddle, John Schumann, Washington, DC, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, and SNEED, PREGERSON, REINHARDT, FERNANDEZ, T.G. NELSON, HAWKINS, SILVERMAN, McKEOWN, GOULD, and PAEZ, Circuit Judges.

ORDER: Concurrence By Judge FERNANDEZ

## ORDER

The mandate issued on August 2, 2002 is recalled for the limited purpose of this Order.

This Order supercedes our Order filed June 17, 2002.

We remand to the district court with instructions to vacate the preliminary injunction previously entered and enter judgment in favor of the Defendants with respect to the claims of Plaintiffs Rucker, Lee and Hill; and to otherwise proceed in accordance with the opinion of the Supreme Court in *Department of Housing and Urban Development v. Rucker*, 535 U.S. ——, 122 S.Ct. 1230, 152 L.Ed.2d 258 (2002).

Plaintiffs Appellees' Request for Correction and Clarification of the Court's June 17, 2002 Order is denied as moot.

The mandate shall issue forthwith.

FERNANDEZ, Circuit Judge, Concurring.

To the extent that the order of the majority leaves the preliminary injunction in place, I am inclined to think that it is in error. Nevertheless, as I understand it, all of us agree that in light of the United States Supreme Court's decision in this matter, we are *not* deciding that the preliminary injunction should be left in place as far as Walker is concerned, but, rather, we leave the determination of that issue to the district court in the first instance. I take comfort from that, and, therefore, am willing to and do defer to my colleagues and concur.